## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 52967

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ELEASAR PEDROSA FRAKES,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 18, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction and unified sentence of four and one-half years, with a minimum period of confinement of one and one-half years, for propelling bodily fluids or waste at certain persons, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

---

PER CURIAM

    Eleasar Pedrosa Frakes pled guilty to propelling bodily fluids or waste at certain persons, Idaho Code §§ 18-915B, 19-2520F. In exchange for his guilty plea, an allegation that he is a persistent violator was dismissed. The district court sentenced Frakes to a unified term of four and one-half years, with a minimum period of confinement of one and one-half years.[1] Frakes appeals, arguing that his sentence is excessive.

---

[1]    The district court ordered this sentence to run consecutively to "all other holds."

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Frakes's judgment of conviction and sentence are affirmed.